UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JACOB MARSALA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security[1]<br><br>    Defendant. | Case No. 1:23-cv-1407 JLT GSA<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S REQUEST TO AFFIRM<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF<br><br>(Docs. 15, 17 & 18) |

      Andrew Jacob Marsala seeks judicial review of the administrative decision to deny his application for a period of disability and disability insurance benefits under Title II of the Social Security Act. (Docs. 1, 15.) Plaintiff contends the administrative law judge erred in evaluating the medical opinions related to his mental impairments and "failed to offer any reason for rejecting Plaintiff's subjective complaints." (*See* Doc. 15 at 2, 3-10.) The Commissioner asserts the Court should affirm the administrative decision. (Doc. 17.)

      The magistrate judge found the ALJ properly considered the supportability and consistency of the medical opinions and evidence related to Plaintiff's mental impairments. (Doc. 18 at 4-9.) In addition, the magistrate judge determined there was "no basis to remand the matter

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Frank Bisignano as the defendant in this suit.

for further evaluation of [Plaintiff's] subjective complaints." (*Id.* at 11; *see also id.* at 9-10.) The magistrate judge recommended the Court deny Plaintiff's motion for summary judgment, affirm the ALJ's decision, and enter judgment in favor of the Commissioner. (*Id.* at 12.)

Plaintiff filed timely objections, asserting the Court should decline the Findings and Recommendations. (Doc. 19.) Plaintiff "relies upon the arguments set forth in his opening brief" related to the medical opinions. (*Id.* at 1-2.) Plaintiff contends the magistrate judge mischaracterized the opening brief in finding Plaintiff did not identify what work limitations he believed should be included in the residual functional capacity, because he summarized the testimony and the ALJ's findings. (*Id.* at 2.) Plaintiff contends this was sufficient to "provide a comparison point." (*Id.*)

Plaintiff's reliance upon his opening brief does not state a sufficiently specific objection— as required by Rule 72—because it does not address the findings of the magistrate judge. *See* Fed. R. Civ. P. 72; *see also Grizzle v. County of San Diego*, 2020 WL 4746211, at *2 (S.D. Cal. Aug. 17, 2020) (finding an "attempt to incorporate by reference prior arguments is not proper" as an objection to findings and recommendations); *Condit v. Comm'r of Soc. Sec. Admin*, 2022 WL 3644095, at *2 (D. Az. Aug. 23, 2022) (finding that where the plaintiff indicated he "reasserts and relies upon the arguments set forth in his Opening Brief," the plaintiff did not raise a proper objection, because review by the district judge "is not a blanket do-over"); *Green v. Garland*, 2022 WL 2965634, at *2 (D.S.C. July 27, 2022) ("a specific objection requires more than a reassertion of arguments"). Plaintiff also fails to show the magistrate judge erred in addressing his subjective complaint and the RFC. Previously, the Ninth Circuit "reject[ed] any invitation to find that the ALJ failed to account for [the claimant's] injuries *in some unspecified way*" where the RFC included several limitations and the plaintiff "failed to identify" what other limitations followed from his impairments, aside from those "already listed in the RFC." *Valentine v. Comm'r of SSA*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) (emphasis added). As courts have repeatedly explained, "judges are not like pigs, hunting for truffles buried in briefs." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Consequently, failure to identify the specific

limitations a claimant believes should have been incorporated into an RFC is fatal to a claimant's challenge of the RFC. *See*, *e.g.*, *Juarez v. Colvin*, 2014 WL 1155408at *6 (C.D. Cal. Mar. 20, 2014) (rejecting an argument that the ALJ erred in evaluating the claimant's limitations where the plaintiff did not specify additional limitations the ALJ failed to consider); *Hansen v. Berryhill*, 2018 WL 721660, at *4 (W.D. Wash. Feb. 6, 2018) ("Although Plaintiff argues that the ALJ erred in failing to account for the limitations caused by his ADHD in the RFC assessment, he does not identify which limitations were erroneously omitted, and has thus failed to state an allegation of error in the RFC assessment with the requisite specificity"). Providing "a comparison point" is not sufficient, as Plaintiff suggests. The Court is unable to speculate as to the limitations Plaintiff believes the ALJ should have incorporated into the RFC from his testimony.

The ALJ invoked several reasons to discount Plaintiff's subjective statements, including the conservative treatment Plaintiff received, the failure to pursue more aggressive treatment, his level of activity, and conflicts with the objective medical evidence. (Doc. 12-2 at 47-48.) Review of the record shows these are each clear and convincing reasons to discount the subjective statements. *See, e.g., Smartt v. Kijakazi*, 53 F.4th 489, 499-500 (9th Cir. 2022) (finding the ALJ identified "clear and convincing" reasons to reject the claimant's statements when discussing the objective medical evidence, her level of activity, and the "generally conservative treatment plan"); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (identifying factors the ALJ may consider to assess a claimant's subjective statements). The ALJ carried the burden to set forth findings "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case. Having carefully reviewed the entire matter—including Plaintiff's objections and the Commissioner's response—the Court concludes the findings of the magistrate judge are supported by the record and proper analysis. The ALJ properly evaluated the medical opinions identified, by considering both the supportability and consistency factors to evaluate the

3

persuasiveness.  In addition, Plaintiff fails to show the ALJ erred in evaluating his subjective complaints.  The Court must affirm the administrative decision because substantial evidence supports the ALJ's findings.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 18) are **ADOPTED** in full.
2. Plaintiff's motion for summary judgment (Doc. 15) is **DENIED**.
3. Defendant's request to affirm the administrative decision (Doc. 17) is **GRANTED**.
4. The Clerk of Court is directed to terminate pending motions; enter judgment in favor of Defendant Frank Bisignano, Commissioner of Social Security, and against Plaintiff Andrew Jacob Marsala; and to close this case.

IT IS SO ORDERED.

Dated:  **September 29, 2025**

UNITED STATES DISTRICT JUDGE

4